**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| WORLD GYM INTERNATIONAL, INC., <br> **Plaintiff** <br><br> v. <br><br> WORK OUT WORLD, INC., <br> ONE FITNESS GROUP, LLC, <br> STEPHEN P. ROMA, <br> STEVEN BORGHI, <br> MARY ROMA, <br> ANTHONY BENINATI, <br> THOMAS CIFRINO, <br> **Defendants** | **CIVIL ACTION NO.** <br><br> **00-12336 RCL** |

**VERIFIED COMPLAINT**
**SEEKING PRELIMINARY AND PERMANENT INJUNCTIVE**
**AND MONETARY RELIEF**

Plaintiff, World Gym International, Inc., for its Complaint alleges and avers as follows:

**PARTIES**

1.  The Plaintiff, World Gym International, Inc., is a corporation organized and existing under the laws of the State of California with its principal offices located at 3223 Washington Boulevard, Marina del Rey, California 90292 ("World Gym").

2.  The Defendant, Work Out World, Inc., is a New Jersey corporation with its principal offices located at 781 Brick Boulevard, Brick, New Jersey 08723.

3.  The Defendant, One Fitness Group, LLC, is a Massachusetts limited liability company with its principal offices located at 102 York Road, Mansfield, Massachusetts 02028 d/b/a Work Out World at the location of 942 Providence Highway, Norwood, Massachusetts, 02062.

4.  The Defendant, Stephen P. Roma, is an individual and New Jersey resident and has a place of business at 781 Brick Boulevard, Brick, New Jersey 08723.  Mr.



Roma has personally committed some of the infringing acts alleged herein and is involved in managing and directing others to commit the infringing activities as set forth below.

5.    The Defendant, Mary Roma, is an individual and New Jersey resident and has a place of business at 781 Brick Boulevard, Brick, New Jersey 08723. Ms. Roma has personally committed some of the infringing acts alleged herein and is involved in managing and directing others to commit the infringing activities as set forth below.

6.    The Defendant, Steven Borghi, is an individual and Massachusetts resident, residing at 102 York Road, Mansfield, Massachusetts, 02048, operating a place of business at 942 Providence Highway, Norwood, Massachusetts 02062.  Mr. Borghi has personally committed some of the infringing acts alleged herein and is involved in managing and directing others to commit the infringing activities as set forth below.

7.    The Defendant, Anthony Beninati, is an individual and Massachusetts resident, residing at 24 Church Street, Dedham, Massachusetts, 02026, operating a place of business at 942 Providence Highway, Norwood, Massachusetts 02062.  Mr. Beninati has personally committed some of the infringing acts alleged herein and is involved in managing and directing others to commit the infringing activities as set forth below.

8.    The Defendant, Thomas Cifrino, is an individual and Massachusetts resident and has a place of business at 942 Providence Highway, Norwood, Massachusetts 02062.  Mr. Cifrino has personally committed some of the infringing acts alleged herein and is involved in managing and directing others to commit the infringing activities as set forth below.

## JURISDICTION AND VENUE

9.    This is an action for temporary and permanent injunctive relief and damages arising from Defendants' infringement of Plaintiff's federally registered service marks and trademarks under 15 U.S.C. § 1114(1); false designation of origin under 15 U.S.C. § 1125(a); trade disparagement under 15 U.S.C. § 1125(a)(1)(B);

service mark and trademark dilution under 15 U.S.C. § 1125(c); service mark and trademark infringement and dilution through the use of domain name under 15 U.S.C. § 1125(d); service mark and trademark infringement under the common law of the Commonwealth of Massachusetts; unfair or deceptive acts or practices under M.G.L.A. c. 93A, §§ 2 and 11; and common law trade disparagement.

10.    This Court has jurisdiction of this matter pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1338(a), and 28 U.S.C. § 1367(a) (supplemental jurisdiction).    Venue arises under 28 U.S.C. § 1391(b).

11.    This Court has jurisdiction of the persons residing in or incorporated in the State of New Jersey pursuant to the Massachusetts Long-Arm Statute, M.G.L.A. c. 223A, § 3.

## PLAINTIFF'S RIGHTS

12.    Plaintiff, World Gym, is engaged in the business of promoting and operating a system of gymnasiums and fitness centers throughout the United States.    In connection with this operation, World Gym advertises, promotes, distributes and sells various articles of merchandise, such as gym clothing.

13.    World Gym began using the service mark and trademark WORLD GYM in 1977 when it opened a facility in Santa Monica, California.    The original gym was a great success and quickly gained a national reputation.

14.    As a result of the outstanding reputation of the first WORLD GYM facility, other gym owners and prospective gym owners expressed a desire to use this valuable mark in connection with their facilities.    In 1981, the WORLD GYM mark was licensed for use in connection with facilities in Ohio, Connecticut and Northern California.    From these early licensing activities has evolved an international licensing program under the WORLD mark and other related marks incorporating the term "world."

15.    Plaintiff conducts its gymnasium and merchandise businesses under its family of service marks and trademarks which include WORLD, WORLD GYM, and WORLD GYM FITNESS CENTERS (said registered and common law marks are hereinafter referred to as ("Plaintiff's Marks").    Some of Plaintiff's Marks incorporate a representation of a globe.

16.    Plaintiff has registered in the United States Patent and Trademark Office, upon the Principal Register thereof, the following service marks and trademarks: WORLD, Reg. No., 1,911,887; WORLD GYM, Reg. No. 1,791,584; WORLD GYM and Design, Reg. No. 1,354,193; WORLD GYM FITNESS CENTERS and Design, Reg. No. 1,856,427; and WORLD GYM LEATHER FORCE and Design, Reg. No. 1,739,940; and WORLD GYM and Design, Reg. No. 1,783,000 (all such registered marks collectively referred to hereinafter as "Plaintiff's Registered Marks"). Said registrations are valid and subsisting and are owned by Plaintiff.

17.    The mark WORLD GYM and Design for gym clothing (U.S. Reg. No. 1,354,193) was registered in 1985. The validity of this registration and mark, Plaintiff's ownership of the mark, and Plaintiff's exclusive right to use said mark in commerce are incontestable under 15 U.S.C. §§ 1065 and 1115(b), as Plaintiff has filed the required affidavit with the Commissioner of Patents and Trademarks.

18.    Plaintiff presently has many licensed gyms and fitness centers throughout the United States, including eighteen World Gym Fitness Centers in Massachusetts. Defendants, Anthony Beninati and Thomas Cifrino operate a World Gym Fitness Center in Randolph, Massachusetts. Each gym and fitness center utilizes one or more of Plaintiff's Marks, all of which are tied together by the presence of the word "world."

19.    Plaintiff's licensees operate gyms and fitness centers with hundreds of thousands of members. This clientele is diverse, ranging from serious bodybuilders and athletes to the individuals and family members who simply want to improve their health and appearance.

20.    Continuously since long prior to the acts of Defendants complained of herein, Plaintiff adopted, commenced use of, and spent substantial sums of money to advertise, publicize and promote Plaintiff's Marks for the provision of gymnasium and fitness center services and for clothing and other merchandise. Plaintiff has provided such services and sold such goods identified by Plaintiff's Marks in substantial quantities in this judicial district and throughout the United States.

21.    Due to the high quality of its products and services and its substantial advertising, promotional, and sales efforts, Plaintiff has achieved wide consumer acceptance

4

for its gymnasium and fitness center services and related merchandise and the reputation of the highest quality and prestige.

22.     By virtue of Plaintiff's extensive use and promotion, Plaintiff's Marks have become so well known to the trade and purchasing public that gymnasium and fitness center services and clothing products and other merchandise offered in connection with the word "world" are recognized as emanating from, or being associated with, Plaintiff.

23.     Plaintiff now owns a valuable goodwill, which is symbolized by Plaintiff's Marks, and, as a result, the use of said marks substantially increases the salability of licenses for said gymnasium and fitness center services and products.

24.     Upon information and belief, Defendants presently have knowledge of, and at all times material to this case had knowledge of, Plaintiff's Marks and Plaintiff's rights therein.

## DEFENDANTS' ACTS

25.     Upon information and belief, long after Plaintiff's adoption and use of Plaintiff's Marks, Defendants adopted and used, in interstate commerce and in this judicial district, marks and trade names comprising in whole or in part the term WORK OUT WORLD and the term WORK OUT WORLD in connection with a globe design (such marks and names collectively referred to hereinafter as "Infringing Marks and Names") in promoting, advertising, offering for sale and providing gymnasium and fitness center services and related goods which compete with Plaintiff's gyms and services.    Upon information and belief, each of the Defendants was aware of Plaintiff's marks before they began using the Infringing Marks and Names.

26.     Said use of the Infringing Marks and Names by Defendants without permission or authority of Plaintiff infringes Plaintiff's Marks in that it is likely to cause confusion, to cause mistake and to deceive the public as a source of Defendants' services.

27.     Defendants are continuing to use the Infringing Marks and Names and, unless enjoined by this Court, will continue such use.

28.     Despite Defendants' knowledge of Plaintiff's prior rights in Plaintiff's Marks and Plaintiff's requests to Defendants Stephen P. Roma, Anthony Beninati, Thomas

Cifrino, and one or more of the Corporate or Company Defendants that Defendants cease and desist from use of the Infringing Marks and Names, Defendants have refused to cease their infringing acts. See correspondence attached hereto as Exhibit A.

29. Upon information and belief, the Corporate or Company Defendants have diverted trade from Plaintiff by misrepresenting to members of the public qualities and features of Plaintiff's services which in fact are not attributable to Plaintiff's services, and said Defendants knew or should have known that such representations were untrue and made them with the intention of diverting trade from Plaintiff.

30. Upon information and belief, Defendants have used false descriptions and representations in commercial advertising and promotion of their own services. Said advertising and promotion misrepresents the nature and qualities of both the Plaintiff's and Defendants' services.

31. Upon information and belief, Defendants have been and are advertising and promoting, among others, a gym in Norwood, Massachusetts under the name WORLD GYM FITNESS CENTERS. This gym and the promotion thereof were not sanctioned by Plaintiff, nor did Defendants obtain permission from Plaintiff to use Plaintiff's Marks, Names, design and representation of a globe. A true copy of the advertisement for this Norwood gym is attached hereto as Exhibit B.

32. Upon information and belief, Defendants have been and are advertising and promoting, among others, the Norwood gym and have claimed in advertising and promotion that "World Gym Randolph is at it Again ..." and began advertising the gym in Norwood, Massachusetts under the name WORKOUT WORLD FAMILY FITNESS CENTERS. This gym and the promotion thereof were not sanctioned by Plaintiff, nor did Defendants obtain permission from Plaintiff to use Plaintiff's Marks, Name, design and representation of a globe. A true copy of the advertisement is attached hereto as Exhibit C.

33. Upon information and belief, Defendants have continued advertising and promoting the Norwood gym through the use of fliers, mailings, newsprint advertisements, and cable television advertisements continuing to use Plaintiff's Marks, Name, design and representation of a globe. True copies of

6

advertisements containing disclaimers of affiliation with Plaintiff are attached hereto as Exhibit D.

34. An example of one of the Plaintiff's licensee's advertising is attached hereto as Exhibit E.

35. Upon information and belief, the activities of Defendants complained of herein were and are done willfully, with knowledge that such conduct was and is in direct contravention of Plaintiff's Marks and other proprietary rights, and was and is likely to confuse, mislead and deceive purchasers and members of the public.

## FIRST CLAIM FOR RELIEF
### Federal Service Mark and Trademark Infringement
### 15 U.S.C. § 1114(1)

36. Plaintiff repeats and realleges paragraphs 1-35 of this Complaint as if specifically set forth herein.

37. Plaintiff's Registered Marks are in full force and effect, have never been abandoned, and are widely used by Plaintiff and its licensees throughout the United States.

38. By virtue of the goodwill and reputation for quality associated with Plaintiffs Registered Marks and the extensive sale of various services and goods bearing said marks, Plaintiffs' Registered Marks have developed recognition and significance in the minds of the purchasing public.

39. The unauthorized use by Defendants of the Infringing Marks and Names constitutes infringement of Plaintiff's Registered Marks and is likely to cause confusion, deception and mistake in the minds of the purchasing public as to the source of the services and any goods which may be sold by Defendants, all in violation of Title 15 U.S.C. § 1114(1).

40. Upon information and belief, the activities of Defendants complained of herein constitute willful and intentional infringement of Plaintiff's Registered Marks in total disregard of Plaintiff's proprietary rights, and were commenced and have continued in spite of Defendants' knowledge that the use of any of the Infringing Marks and Names, Plaintiff's Registered Marks, or any reproduction, counterfeit, copy or colorable imitation thereof, was and is in direct contravention of Plaintiff's rights.

41. Defendants' unauthorized use of the Infringing Marks and Names is greatly and irreparably damaging to Plaintiff in the form of (a) loss of income; (b) interference with Plaintiff's ability to utilize Plaintiff's Registered Marks through licensing and merchandising; (c) confusion in the marketplace as to the duly authorized source of the goods and services bearing Plaintiff's Registered Marks; and (d) impairment of the goodwill Plaintiff has in Plaintiff's Registered Marks; and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in Plaintiff's Registered Marks and to the respective business, reputation, and goodwill of Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff's damages are not yet determined.

## SECOND CLAIM FOR RELIEF
### False Designation of Origin and False Description
### U.S.C. § 1125(a)

42. Plaintiff repeats and realleges all of the allegations contained in paragraphs 1-41 of this Complaint as though the same were fully rewritten herein.

43. Plaintiff's Marks are distinctive, and have been used throughout the United States, including Massachusetts, and are well known to the trade and members of the purchasing public. The public associates and identifies Plaintiff's Marks with Plaintiff.

44. Defendants' unauthorized use of the Infringing Marks and Names in the distribution, advertising, sale, and/or offering for sale of gymnasium and fitness center services constitutes false designation of origin or sponsorship of said services, and tends falsely to represent that said infringing services originate from Plaintiff or that said services have been sponsored, approved, or licensed by Plaintiff or are in some way affiliated or connected with Plaintiff. Such conduct of Defendants is likely to confuse, mislead and deceive Defendants' customers, purchasers, and members of the public as to the origin of said infringing services or cause said persons to believe that those services of Defendants have been sponsored, approved, authorized, or licensed by Plaintiff or are in some way

8

affiliated or connected with Plaintiff, all in violation of 15 U.S.C. §
1125(a)(1)(A).

45.    Upon information and belief, Defendants' actions were done willfully with full
knowledge of the falsity of such designations of origin and false description or
representations, and with the express intent to cause confusion, to mislead and to
deceive the purchasing public.

46.    Defendants' unauthorized use of the Infringing Marks and Names and use of false
descriptions and representations is greatly and irreparably damaging to Plaintiff in
the form of (a) loss of income; (b) interference with Plaintiff's ability to utilize
Plaintiff's Registered Marks through licensing and merchandising; (c) confusion
in the marketplace as to the duly authorized source of the goods and services
bearing Plaintiff's Marks; and (d) impairment of the goodwill Plaintiff has in
Plaintiffs Marks; and, if not enjoined, will continue to cause irreparable damage to
the rights of Plaintiff in Plaintiff's Registered Marks and to the respective
business, reputation, and goodwill of Plaintiff. Plaintiff has no adequate remedy
at law. Plaintiff's damages are not yet determined.

**THIRD CLAIM FOR RELIEF**
**Trade Disparagement in Violation of 15 U.S.C. § 1125(a)(1)(B)**

47.    Plaintiff repeats and realleges all of the allegations contended in paragraphs 1-46
of this Complaint as though the same were fully rewritten herein.

48.    Upon information and belief, one or more of the Defendants have made false and
disparaging statements about Plaintiff's services to members of the public,
including purchasers and prospective purchasers of Plaintiff's and Defendants'
services in violation of 15 U.S.C. § 1125(a)(l)(B).

49.    Upon information and belief, said false disparaging statements were made by

9

Defendants with knowledge of their falsity or with reckless disregard of the truth or falsity of each such statement with an intent to harm Plaintiff or with the knowledge that harm to Plaintiff would inevitably result.

50.  Said false and disparaging statements have greatly and irreparably damaged Plaintiff by (a) diverting customers and income; (b) causing confusion in the marketplace as to the true qualities and features of Plaintiff's service; and (c) impairment of the goodwill Plaintiff has in Plaintiff's Marks and to the business, reputation, and goodwill of Plaintiff, and, if not enjoined, will continue to cause irreparable damage to Plaintiff, Plaintiff's Marks and to the respective business, reputation and goodwill of Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff's damages are not yet determined.

### FOURTH CLAIM FOR RELIEF
### Dilution under Federal Dilution Act 15 U.S.C. § 1125(c)

51.  Plaintiff repeats and realleges all of the allegations contained in paragraphs 1-50 of this Complaint as though the same were fully rewritten herein.

52.  The said misconduct of Defendants as described in the other Counts of this Complaint creates a likelihood of injury to the business reputation of Plaintiff and causes dilution of the distinctive quality of Plaintiff's Marks, all in violation of 15 U.S.C. § 1125(c).

53.  As set forth above, the activities of Defendants complained of herein constitute willful and intentional acts.

54.  Defendants' acts are greatly and irreparably damaging to Plaintiff in the form of (a) loss of income; (b) lessening and dilution of the distinctive quality of Plaintiff's marks; (c) interference with Plaintiff's ability to exploit Plaintiff's Marks through licensing and merchandising; and (d) impairment of the goodwill

Plaintiff has in Plaintiff's Marks, and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in Plaintiff's Marks and to the respective business, reputation, and goodwill of Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff's damages are not yet determined.

## FIFTH CLAIM FOR RELIEF
### Service Mark and Trademark Infringement and Dilution – Domain Name
### 15 U.S.C. § 1125(d)

55.    Plaintiff repeats and realleges all of the allegations contained in paragraphs 1-54 of this Complaint as though the same were fully rewritten herein.

56.    The unauthorized use by Defendants of the Infringing Marks and Names constitutes infringement of Plaintiffs Registered Marks and is likely to cause confusion, deception and mistake in the minds of the purchasing public as to the source of the services and any goods which maybe sold by Defendants creating a likelihood of injury to the business reputation of Plaintiff and causes dilution of the distinctive quality of Plaintiff's Marks, all in violation of Title 15 U.S.C. §1125(d).

57.    As set forth above, the activities of Defendants complained of herein constitute willful and intentional acts.

58.    Defendants' acts are greatly and irreparably damaging to Plaintiff in the form of (a) loss of income; (b) lessening and dilution of the distinctive quality of Plaintiff's marks; (c) interference with Plaintiff's ability to exploit Plaintiff's Marks through licensing and merchandising; and (d) impairment of the goodwill Plaintiff has in Plaintiff's Marks; and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in Plaintiff's Marks and to the respective business, reputation, and goodwill of Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff's damages are not yet determined.

### SIXTH CLAIM FOR RELIEF
### Common Law Service Mark and Trademark Infringement

59.    Plaintiff repeats and realleges all of the allegations contained in paragraphs 1-58
       of this Complaint as though the same were fully written herein.

60.    The unauthorized use by Defendants of the Infringing Marks and Names
       constitutes infringement of Plaintiff's Marks and is likely to cause confusion,
       deception and mistake in the minds of the purchasing public as to the source of
       the services and any goods which may be sold by Defendants, all in violation of
       the common law of the Commonwealth of Massachusetts.

61.    As set forth above, upon information and belief, the activities of Defendants
       complained of herein constitute willful and intentional acts.

62.    Defendants' unauthorized use of the Infringing Marks and Names is greatly and
       irreparably damaging to Plaintiff in the form of (a) loss of income; (b)
       interference with Plaintiffs ability to exploit Plaintiff's Marks through licensing
       and merchandising; (c) confusion in the marketplace as to the duly authorized
       source of the goods and services bearing Plaintiff's Marks; and (d) impairment of
       the goodwill Plaintiff has in Plaintiff's Marks; and, if not enjoined, will continue
       to cause irreparable damage to the rights of Plaintiff in Plaintiff's Marks and to
       the respective business, reputation and goodwill of Plaintiff. Plaintiff has no
       adequate remedy at law. Plaintiff's damages are not yet determined.

### SEVENTH CLAIM FOR RELIEF
### Unfair or Deceptive Acts or Practices, M.G.L. c. 93A, §§ 2 and 11

63.    Plaintiff repeats and realleges all of the allegations contained in paragraphs 1-62
       of this Complaint as though the same were fully rewritten herein.

64.    Defendants' unauthorized use of the Infringing Marks and Names in the

12

distribution, advertising, sale, and/or offering for sale of gymnasium and fitness center services constitutes false designation of origin or sponsorship of said services, and tends falsely to represent that said infringing services originate from Plaintiff or that said services have been sponsored, approved, or licensed by Plaintiff or are in some way affiliated or connected with Plaintiff. Such conduct of Defendants is likely to confuse, mislead and deceive Defendants' customers, purchasers, and members of the public as to the origin of said infringing services or cause said persons to believe that those services of Defendants have been sponsored, approved, authorized, or licensed by Plaintiff or are in some way affiliated or connected with Plaintiff, all in violation of M.G.L. c. 93A, §§ 2 and 11.

65.    As set forth above, upon information and belief, the activities of Defendants complained of herein constitute willful and intentional acts or practices.

66.    Defendants' unauthorized use of the Infringing Marks and Names is greatly and irreparably damaging to Plaintiff in the form of (a) loss of income; (b) interference with Plaintiffs ability to exploit Plaintiffs Registered Marks through licensing and merchandising; (c) confusion in the marketplace as to the duly authorized source of the goods and services bearing Plaintiff's Marks; and (d) impairment of the goodwill Plaintiff has in Plaintiff's Marks; and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in Plaintiff's Registered Marks and to the respective business, reputation, and goodwill of Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff's damages are not yet determined.

## EIGHTH CLAIM FOR RELIEF
### Common Law Trade Disparagement

67.    Plaintiff repeats and realleges all of the allegations contended in paragraphs 1-66 of this Complaint as though the same were fully rewritten herein.

68.    Upon information and belief, one or more of the Defendants have made false and disparaging statements about Plaintiff's services to members of the public, including purchasers and prospective purchasers of Plaintiff's and Defendants' services, and said false disparaging statements were made with knowledge of their falsity or with reckless disregard of the truth or falsity of each such statement with an intent to harm Plaintiff or with the knowledge that harm to Plaintiff would inevitably result, all in violation of the common law of the Commonwealth of Massachusetts.

69.    Said false and disparaging statements have greatly and irreparably damaged Plaintiff by (a) diverting customers and income; (b) causing confusion in the marketplace as to the true qualities and features of Plaintiff's service; and (c) impairment of the goodwill Plaintiff has in Plaintiff's Marks and to the business, reputation, and goodwill of Plaintiff; and, if not enjoined, will continue to cause irreparable damage to Plaintiff, Plaintiff's Marks and to the respective business, reputation, and goodwill of Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff's damages are not yet determined.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

A.    Defendants, their agents, servants, employees, attorneys, representatives, successors and assigns and all persons, firms or corporations in active concern or participation with Defendants, be preliminarily and permanently enjoined and restrained, respectively,

from:

a)    directly or indirectly infringing the Plaintiff's Marks, specifically through the use of WORLD, the representation of the globe and Plaintiff's design, or in any manner, including generally, but not limited to, distributing, advertising, selling and/or offering for sale and distributing any merchandise or services which infringe said marks, and specifically;

(1)    using any of the Infringing Marks and Names, Plaintiff's Marks, or any marks similar thereto, or any reproduction, counterfeit, copy, or colorable imitation of said marks in connection with the distribution, advertising, sale, offering for sale of gymnasium and fitness center services or any other merchandise or services;

(2)    applying any of the Infringing Marks and Names, Plaintiff's Marks, or any marks similar thereto, or any reproduction, counterfeit, copy or colorable imitation of said marks to any label, sign, print, package wrapper, receptacle, or advertisement used in connection with the provision, distribution, sale and/or offering for sale of any products or services; or,

**(b)**    using any trademarks or service marks that tend falsely to represent that, or are likely to confuse, mislead, or deceive purchasers, Defendants' customers, or members of the public that unauthorized merchandise and services promoted, provided, distributed, advertised, sold and/or offered for sale by Defendants originates from Plaintiff, or that said merchandise has been sponsored, approved, or licensed by or

15

associated with Plaintiff or is in some way connected or affiliated with Plaintiff;

**(c)**    engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive purchasers, Defendants' customers, and/or members of the public to believe that the actions of Defendants are connected with Plaintiff; are sponsored, approved, or licensed by Plaintiff, or are in some way connected or affiliated with Plaintiff;

**(d)**    affixing, applying, annexing or using in connection with the promotion, provision, distribution, advertising, sale, and/or offering for sale or other use of any goods or services, any false description or representation;

**(e)**    otherwise competing unfairly with Plaintiff in any manner;

**(f)**    diluting and infringing Plaintiff's Marks and damaging Plaintiff's goodwill, reputation and business;

(g)    making false and disparaging statements about Plaintiff's or Defendants' business and service;

(h)    destroying or otherwise disposing of:

(1)    merchandise or signage falsely bearing the Infringing Marks or Name or any other imitations of Plaintiff's Marks;

(2)    any other service or products which reproduce, copy, counterfeit, imitate or bear the Infringing Marks or Names or any other imitation of Plaintiff's Marks;

(3)    any promotional and advertising material, labels, packages, wrappers, containers, and any other unauthorized items which reproduce, copy, counterfeit, imitate or bear the Infringing Marks or

Names or any other imitation of Plaintiff's Marks; and

B.    Plaintiff be awarded damages, including attorneys fees and costs and any other relief that this Court deems appropriate.

Dated: *November 9, 2000*                    *Maria C. Lampasona*
                                             Maria C. Lampasona, BBO #600189
                                             Schlesinger and Buchbinder, LLP
                                             1200 Walnut Street
                                             Newton, Massachusetts 02461
                                             (617) 965-3500

## VERIFICATION

I, Kenneth I. Gross, Corporate Secretary of World Gym International, Inc. do, on oath, hereby verify that I have read the Complaint and verify that the facts contained therein are, to the best of my knowledge information, and belief, true and accurate.

Signed this ____ day of November, 2000, under the penalties of perjury.

Kenneth I. Gross
Corporate Secretary, World Gym
International, Inc.

17

# W🌐RLD GYM™

**Joe Gold**
Chairman

**Mike Uretz**
CEO

**World Gym International, Inc.**
3223 Washington Boulevard
Marina del Rey, California 90292
(310) 827-7705 • (800) 544-7441
(310) 827-6355  Fax

Web: www.worldgym.com
E-Mail: info@worldgym.com

July 27, 2000

Fax No: 781-961-5699

World Gym Randolph
Attn: Anthony Beninati and Thomas Cifrino
50 Warren Street
Route 139
Randolph, MA 02368

Dear Tony and Tom:

I am writing this letter to you because I just received a Pre-Opening Special flyer advertising $19.99/Month for Life at a new gym called Workout World.

As you know, we have a policy in place that we do not place World Gyms in the territories controlled or owned by one of our World Gym owners. The Norwood facility is partially in a territory owned by John DeFalco. The name of the new club and the close association with the name World Gym Randolph is completely unacceptable. You are not only using the word "world," but you are also using the same banner that is associated with the World Gym Fitness Centers.

We discussed the situation at length and I was very direct with you in that I could not place a World Gym in that territory. The name you have chosen is probably as bad or worse than using the name World Gym. The name is confusingly similar to World Gym and violates our protected trademark.

I sincerely wish you had consulted with the office before you chose a name that is so similar to the World Gym name. This is completely prohibited and you must change your name and the style of your banner so that it is not confusingly similar with the World Gym protected trademark.

I ask that you do this immediately or we are going to have to take action to revoke your license in Randolph. I invite you to talk to your attorney and if you need a copy of a legal opinion with respect to using the word "world" in your gym title as a violation of our trademark, I will be happy to provide it to him. We cannot allow this situation to

continue and we ask that you immediately change this name and inform us of your new name.

In the meantime, the World Gym license in Randolph is suspended and will be revoked unless we hear from you immediately.

Yours very truly,

MIKE URETZ
WORLD GYM INTERNATIONAL, INC.

cc: Ken Gross, Attorney at Law
    John DeFalco

## SCHLESINGER AND BUCHBINDER, LLP

ATTORNEYS AT LAW

1200 WALNUT STREET

NEWTON, MASSACHUSETTS 02461-1267

STEPHEN J. BUCHBINDER
ALAN J. SCHLESINGER
JOANNE E. ROMANOW
LEONARD M. DAVIDSON
STEPHANIE J. RACIN
MARIA C. LAMPASONA

TELEPHONE (617) 965-3500
FACSIMILE (617) 965-6824
E-MAIL    mail@sab-law.com

August 16, 2000

*By Hand-Delivery and First Class Mail*
Mr. Anthony Beninati
Mr. Thomas Cifrino
World Gym Randolph
50 Warren Street, Route 139
Randolph, MA  02368

RE:    **Workout World – Norwood, MA**

Dear Mr. Beninati and Mr. Cifrino:

This firm has been retained by World Gym International, Inc. to represent it in connection with your opening of Workout World in Norwood, Massachusetts.

Workout World is trading off of the "World Gym" trademark by using the name "World" in its name and signage, by copying the layout, design and style of the "World Gym" banner and by advertising under the "World Gym" name in flyers and promotional activities. The use of "World Gym" in this manner is prohibited and violates the "World Gym" protected trademark.

World Gym International, Inc. has attempted to resolve this issue without the necessity of taking legal action. To date, these attempts have failed and you have chosen to proceed in your course of action. Therefore, our client has no other choice but to protect its trademark through the use of any and all legal remedies available.

Please be advised that you have until Monday, August 21, 2000, to change the name and signage of Workout World to a name that does not include the word "World" and that does not use the layout, design and style of the World Gym banner. In addition, you are to cease using "World Gym" to advertise the new gym in Norwood. If you fail to comply, World Gym International, Inc. will have no other recourse but to commence legal action in a court of appropriate jurisdiction and seek an injunction to restrain you from continuing in this manner.

Thank you for your attention to this matter.

Sincerely,

Joanne E. Romanow

cc:    Mr. Michael Uretz

**Joe Gold**
*Chairman*

**Mike Uretz**
*CEO*

**World Gym International, Inc.**
3223 Washington Boulevard
Marina del Rey, California 90292
(310) 827-7705 • (800) 544-7441
(310) 827-6355  Fax

Web: www.worldgym.com
E-Mail: info@worldgym.com

August 18, 2000

Fax No: 781-344-6965

Kevin M. Reilly
Attorney at Law
Seven Cabot Place
Stoughton, MA 02072

RE: WORLD GYM RANDOLPH, MA
       WORKOUT WORLD, NORWOOD, MA

Dear Mr. Reilly:

Thank you for sending along your letter and I am truly sorry that things have reached the
level that they have reached, but I have no control over what has occurred thus far.

Notwithstanding your statement yesterday that flyers would not be used with the World
Gym reference on them, another one went out yesterday which prominently mentions
World Gym.  I believe that it is going to be very difficult, if not impossible to resolve the
Norwood situation unless another name for the gym is chosen.

I was under the impression that the name WOW! was the new name and I would have no
objection to that.  Instead, I see that the name Workout World is being used and our
trademarked ribbon at the bottom is a prominent part of that logo.  This is confusing in
two ways.

1. It is very similar to the World Gym logo; and
2. Your clients in Randolph are World Gym licensees at the present time.

I was very hopeful that they would have spoken to Mr. DeFalco and his wife at the time
of the World Gym Event in Boston in June, but in fact no such conversation took place.

The problem I have now is that a great deal of confusion is continuing to be caused in the area regarding the affiliation of Workout World with World Gym of Randolph, Dedham and Walpole.

Although I have had a very cordial relationship with your clients, World Gym International in put in an untenable position. We are asked to violate the territorial integrity of one of our franchisees, and further that we allow the Randolph, Massachusetts franchisees to use a name that is confusingly similar in word and in appearance to the World Gym Fitness Center trademark.

Things would be much simpler if your clients would change their name to something that would not be confused with World Gym or its associated logos. As I mentioned to you our new agreements provide that no World Gym Franchisee can own an interest in any other gym. They would be better served to settle on a name for both clubs and then promote them jointly.

Yours very truly,

MIKE URETZ
WORLD GYM INTERNATIONAL, INC.

cc: Susie Housman, World Gym Dedham, World Gym Walpole
    Joanne Romanow, Schlesinger and Buchbinder, Attorneys at Law

LAW OFFICES
# KEVIN M. REILLY
SEVEN CABOT PLACE
STOUGHTON, MASSACHUSETTS 02072

KEVIN M. REILLY
———————
LISA H. BERCH

TEL (781) 344-7313
FAX (781) 344-6965

LEGAL ASSISTANT
IRMA R. SANDS
ADMINISTRATIVE ASSISTANT
NANCY J. BUCKLEY

September 6, 2000

World Gym International, Inc.
3223 Washington Boulevard
Marina del Rey, CA  90292

Att:  Michael A. Uretz, President

>         Re:    **World Gym, Randolph, MA**
>                **Workout World, Norwood, MA**

Dear Mr. Uretz:

As a follow up to our prior correspondence regarding my clients, Anthony Beninati and Steven Borghi, I enclose herewith a sample of revised advertising copy for the Work Out World location in Norwood, MA. As you can see, the ad emphasizes the acronym "WOW" rather than the name "Work Out World" and includes a disclaimer concerning any affiliation with World Gym.  I believe that these modifications, together with the banner reference "Family Fitness Centers", drastically reduces, if not eliminates the potential for confusion among consumers.

As I had previously indicated to you, my clients have instructed me to pursue discussions with you aimed, ideally, at eliminating the issues you have identified with the Norwood operation while yet maintaining the Randolph franchise. Assuming that the revised advertising copy addresses the core issue you have concerning the Norwood location, my clients will agree that all future promotion of that location will match what appears on the enclosure.  In addition, they will agree to refrain from making any direct reference to World Gym in their advertising unless as part of a disclaimer, should you wish it to run.

If this revised advertising copy is still not satisfactory to you, please let me know the nature of your objection(s) and I will speak with my clients about further possible modifications.

World Gym International, Inc.
Att: Michael A. Uretz, President
September 6, 2000
Page Two


    I look forward to hearing from you.

Very truly yours,

Kevin M. Reilly

KMR:rk
Enclosure









**942 Providence Highway Rte. 1**
**Norwood** (formerly Rolland)
**(781) 762-6999**

  **OPEN 365 DAYS**

'ERTISE WITH SUPERCOUPS www.coolsavings.com/supercoups (800) 327-6147

**YOUR MEMBERSHIP INCLUDES:**
- Free One-on-One Fitness Training
- 30 Heart Rate Treadmills
- Heart Rate Lifecycles
- Stairmasters/Stepmills
- 20,000 sq. ft. Fitness Center Area
- Free Weights
- Body Masters
- Hammer Strength
- Life Fitness
- Nautilus Equipment
- Beginners Circuit Room
- Spinning Theatre
- Body Composition Analysis*
- 2,000 sq. ft. Aerobic Studio
- Cardio Theatres
- Giant Locker Rooms
- Private Steam Rooms
- Tanning* (Power Booth)
- Nursery* (CPR Certified)
- Guidance from Staff*
* Optional

**HUGE SAVINGS**
**During Construction**
**$49.95**
ENROLLMENT FEE
One Time Only

Only **$19⁹⁹/month**
For Life!
With Coupon •First 500 People.
Expires 8-15-00

(45628) (4C-A0,A2,A6,A20) B/026/29/00/1S  2000 © COPYRIGHT

# WORLD GYM RANDOLPH *is at it Again....*

# WORKOUT WORLD

## FAMILY FITNESS CENTERS ®

### CLUB HOURS
Mon - Thurs 5:00 am - 10:00 pm
Friday 5:00 am to 9:00 pm
Sat & Sun 7:00 am - 5:00 pm

**752 Providence Highway (Rte. 1) NORWOOD** *formerly ROLL-LAND* **781-762-6999**

## YOUR MEMBERSHIP INCLUDES:

- Free One-on-One Fitness Training
- **40 Heart Rate Treadmills**
- Heart Rate Lifecycles
- Stairmasters / Stepmills
- 30,000 sq.ft. Fitness Center Area
- Free Weights
- CAD-EX

- Hammer Strength
- Life Fitness
- Nautilus Equipment
- Beginners Circuit Room
- Spinning Equipment
- Body Composition Analysis*
- Cardio Theatres

- Giant Locker Rooms
- Steam Rooms (not co-ed)
- Tanning* - Power Booth
- Nursery* - CPR Certified
- Guidance from Staff*
- 3,000 sq.ft. Aerobic Studio
- LAUNDROMAT For Members Only.


During Construction – Huge Savings!

## PRE-OPENING SPECIAL
### $19.99/Month for Life

(1ST 500 MEMBERS TO JOIN ONLY)
With this coupon - Expiration 8/2/00

Initiation Fee of $49.95
to First 500 Members

$19.99 E.F.T.

# Why Pay More?



**WOW!**

**WORK OUT WORLD**

◄ **FAMILY FITNESS CENTERS** ► ®

*WORLD GYM RANDOLPH is at it Again....*

**WE'RE "THE EXERCISE CAPITAL OF THE WORLD!"**

**CLUB HOURS**
Mon - Thurs 5:00 am - 10:00 pm
Friday 5:00 am to 9:00 pm   Sat & Sun 7:00 am - 7:00 pm

**742 Providence Highway (Rte. 1)  NORWOOD** *formerly ROLL-LAND*  **781-762-6999**

## YOUR MEMBERSHIP INCLUDES:

- Free One-on-One Fitness Training
- **40 Heart Rate Treadmills**
- Heart Rate Lifecycles
- Stairmasters / Stepmills
- 30,000 sq.ft. Fitness Center Area
- Free Weights
- CAD-EX

- Hammer Strength
- Life Fitness
- Nautilus Equipment
- Beginners Circuit Room
- Spinning Equipment
- Body Composition Analysis*
- Cardio Theatres

- Giant Locker Rooms
- Steam Rooms (not co-ed)
- Tanning* - Power Booth
- Nursery* - CPR Certified
- Guidance from Staff*
- 3,000 sq.ft. Aerobic Studio
- LAUNDROMAT For Members Only.



During Construction – Huge Savings!

# PRE-OPENING SPECIAL

$**19.99**/Month for Life

(NEXT 200 MEMBERS TO JOIN ONLY)
With this coupon - Expiration 8/31/00

Initiation Fee of $79.95
Next 200 Members

$19.99 E.F.T.

# Why Pay More?



# WOW!
## WORK OUT WORLD
### FAMILY FITNESS CENTERS®

**WE'RE "THE EXERCISE CAPITAL OF THE WORLD!"**

**CLUB HOURS**
Mon - Thurs 5:00 am - 10:00 pm
Friday 5:00 am to 9:00 pm  Sat & Sun 7:00 am - 7:00 pm

742 Providence Highway (Rte. 1) **NORWOOD** formerly ROLL-LAND  **781-762-6999**

## YOUR MEMBERSHIP INCLUDES:

- Free One-on-One Fitness Training
- **40 Heart Rate Treadmills**
- Heart Rate Lifecycles
- Stairmasters / Stepmills
- 30,000 sq.ft. Fitness Center Area
- Free Weights
- CAD-EX

- Hammer Strength
- Life Fitness
- Nautilus Equipment
- Beginners Circuit Room
- Spinning Equipment
- Body Composition Analysis*
- Cardio Theatres

- Giant Locker Rooms
- Steam Rooms (not co-ed)
- Tanning* - Power Booth
- Nursery* - CPR Certified
- Guidance from Staff*
- 3,000 sq.ft. Aerobic Studio
- LAUNDROMAT For Members Only.



During Construction – Huge Savings!

# PRE-OPENING SPECIAL
## $19.99/Month for Life

(NEXT 200 MEMBERS TO JOIN ONLY)
With this coupon - Expiration 9/15/00

Initiation Fee of $99.00
Next 200 Members

$19.99 E.F.T.

# Why Pay More?

**Work Out World is not affiliated with World Gym.**

# WOW! WORK OUT WORLD

**WE'RE "THE EXERCISE CAPITAL OF THE WORLD!"**

## FAMILY FITNESS CENTERS ®

**CLUB HOURS**

Mon - Thurs 5:00 am - 10:00 pm
Friday 5:00 am to 9:00 pm   Sat & Sun 7:00 am - 7:00 pm

**742 Providence Highway (Rte. 1)   NORWOOD** *formerly ROLL-LAND*   **781-762-6999**

## YOUR MEMBERSHIP INCLUDES:

- Free One-on-One Fitness Training
- **40 Heart Rate Treadmills**
- Heart Rate Lifecycles
- Stairmasters / Stepmills
- 30,000 sq.ft. Fitness Center Area
- Free Weights
- CAD-EX

- Hammer Strength
- Life Fitness
- Nautilus Equipment
- Beginners Circuit Room
- Spinning Equipment
- Body Composition Analysis*
- Cardio Theatres

- Giant Locker Rooms
- Steam Rooms (not co-ed)
- Tanning* - Power Booth
- Nursery* - CPR Certified
- Guidance from Staff*
- 3,000 sq.ft. Aerobic Studio
- LAUNDROMAT For Members Only.



During Construction – Huge Savings!

# PRE-OPENING SPECIAL

## $19.99/Month for Life

(NEXT 200 MEMBERS TO JOIN ONLY)
With this coupon - Expiration 9/30/00

Initiation Fee of $124.99
Next 200 Members

$19.99 E.F.T.

# Why Pay More?

**Work Out World is not affiliated with World Gym.**

# *WORLD GYM IS WHERE IT ALL STARTED!*

**NO HYPE ~ NO LONG TERM COMMITMENTS ~ NO HARD SELL - WE DELIVER WHAT WE PROMISE**
**REMEMBER, YOU GET WHAT YOU PAY FOR. COME TO THE REAL WORLD GYM,**
**PAY NO ENROLLMENT FEE & RECEIVE 1 FREE MONTH***

**Auto Debit Customers Ask For Details**    (*MINIMUM MEMBERSHIP 3 MONTHS)

**With this coupon. Expires 11-15-00**

## WALPOLE
35 West St.
Walpole
508-850-0006

## WORLD GYM
FITNESS CENTERS

## DEDHAM
460 Providence Hwy.
Dedham
781-326-7669

**Open Weekdays At 5 AM, Weekends at 6:30 AM * Open 365 Days**

ADVERTISE WITH SUPER COUPS www.coolsavings.com/supercoups (800) 327-6147

(52268) (4C) B/050/37/00/1S  2000 © COPYRIGHT

# CIVIL COVER SHEET

The JS–44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

World Gym International, Inc.

## DEFENDANTS

Workout World, Inc., One Fitness Group, LLC
Stephen P. Roma, Steven Burghi, Mary Roma,
Anthony Beninati, Thomas Cifrino

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Marina del Rey, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Brick, New Jersey
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
        TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Maria C. Lampasona, Esquire
Leonard M. Davidson, Esquire
Schlesinger and Buchbinder, LLP
1200 Walnut Street, Newton, MA 02461

ATTORNEYS (IF KNOWN)

00-12336RCL

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury — Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

### PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence
**HABEAS CORPUS:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

### FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☒ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS — Third Party 26 USC 7609

### OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

See Attachment.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $ Amount not known at this time.

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ YES   ☒ NO

## VIII. RELATED CASE(S) IF ANY  (See instructions):   None

JUDGE _____   DOCKET NUMBER _____

DATE  11/9/00

SIGNATURE OF ATTORNEY OF RECORD  *Maria Lampasona*

FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

**Attachment to Civil Cover Sheet**                    **World Gym International, Inc.**

## VI.    CAUSE OF ACTION:

- 15 U.S.C. § 1114(1) - federally registered service mark and trademark infringement
- 15 U.S.C. § 1125(a) - false designation of origin
- 15 U.S.C. § 1125(a)(1)(B) - trade disparagement
- 15 U.S.C. § 1125(c) - service mark and trademark dilution
- 15 U.S.C. § 1125(d) - service mark and trademark infringement and dilution through the use of domain name
- service mark and trademark infringement under the common law of the Commonwealth of Massachusetts
- M.G.L.A. c. 93A, §§ 2 and 11 - unfair or deceptive acts or practices under
- Common law trade disparagement

# 00-12336RCL

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1.  TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)_____

    World Gym International, Inc. v. Workout World, Inc.

2.  CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___    I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    _X_    II.   195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
                 740, 790, 791, 820, 830, <u>840</u>, 850, 890, 892-894, 895, 950.

    ___    III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                 380, 385, 450, 891.

    ___    IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                 690, 810, 861-865, 870, 871, 875, 900.

    ___    V.    150, 152, 153.

    **00 - 12336 RCL**

3.  TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).

    None

4.  HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?_
    No

5.  DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC
    INTEREST?    No
    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) _____

6.  IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28
    USC 2284?    No

7.  DO <u>ALL</u> PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (<u>WORCESTER
    COUNTY</u>) - (SEE LOCAL RULE 40.1(C)). YES____ No _____ OR IN THE WESTERN SECTION (<u>BERKSHIRE, FRANKLIN,
    HAMPDEN OR HAMPSHIRE COUNTIES</u>)? - (SEE LOCAL RULE 40.1(D)). YES____ No

8.  DO <u>ALL</u> OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE
    DISTRICT? YES____ No _____ (a)    IF YES, IN WHICH SECTION DOES THE PLAINTIFF
    RESIDE?_____

9.  IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE?    Eastern

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY
    OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION_____ OR
    WESTERN SECTION_____

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME____ Maria C. Lampasona, Esquire _____
                    Leonard M. Davidson, Esquire
ADDRESS_____ Schlesinger and Buchbinder, LLP_____
                    1200 Walnut Street, Newton, MA 02461
TELEPHONE NO._____

(Category.frm - 09/92)    (617) 965-3500